IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH ZAWLOCKI, BRITTANY STANTON, JACQUELINE GAVIN AND KELLY STANTON, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> PARTNERS' TAP, INC. D/B/A MORRISON ROADHOUSE AND ROBERT CASTLE, INDIVIDUALLY <br><br> Defendants. | No. 21-cv- <br><br> **District Judge** <br><br> Magistrate Judge <br><br> **_JURY DEMAND_** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COME Plaintiffs, **SARAH ZAWLOCKI, BRITTANY STANTON, JACQUELINE GAVIN AND KELLY STANTON,** ("Plaintiffs" or the "Named Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm and Timothy M. Nolan of Nolan Law Office, and for their Complaint against Defendants, **PARTNERS' TAP, INC. D/B/A MORRISON ROADHOUSE** and **ROBERT CASTLE** (the "Defendants" or "MRH"), states as follows:

**I.    NATURE OF ACTION**

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.* for Defendants failure to

pay Plaintiffs, and other similarly situated employees, known and unknown, all tips earned through Defendants' tip-credit compensation plan.

2. Defendants elected to take a "tip-credit" and pay to their employees a direct wage lower than the minimum wages required by law and use customer tips to make up the difference. However, as alleged herein, Defendants violated the tip-credit provisions of the FLSA, IMWL and IWPCA in several ways – namely by imposing unlawful deductions that required direct payback of earned tips to the employer-defendants by the employees, which resulted in payment of insufficient wages to employees.

3. Plaintiffs, including the named Plaintiffs, allege that the claims contained herein are proper for both class certification pursuant to Fed. R. Civ. P. 23 and collective certification pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

4. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. § 1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are each a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

5. Defendants, **PARTNERS' TAP, INC. D/B/A MORRISON ROADHOUSE** (hereinafter referred to as "MRH") is an Illinois corporation that owns and operates the Morrison Roadhouse restaurant located at 7355 N Harlem Ave. in Niles, Illinois. MRH is a restaurant and bar engaged in selling and serving prepared food and beverages, including

alcoholic beverages, to customers for consumption on and off its premises. MRH is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendant **ROBERT CASTLE** is the owner and manager of MRH (hereinafter referred to as "Castle", and along with MRH, collectively referred to as "MRH"). Castle was present at MRH every morning, and on a regular basis managed numerous shifts per week. In his capacity as owner and manager of MRH, Castle was vested with the authority to implement and carry out the wage and hour practices of MRH. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Castle and Castle in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Castle was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

7. Plaintiff, **SARAH ZAWLOCKI,** is a former employee of Defendants who worked for Defendants as a bartender and server. Plaintiff was employed by Defendants from approximately October 2019 to June 2020. Defendants, on a regular basis, improperly retained and withheld tips earned by Plaintiff, which were the property of Plaintiff, in violation of the tip-credit provisions of the FLSA and IMWL and in violation of the IWPCA.

8. Plaintiff, **BRITTANY STANTON,** is a former employee of Defendants who worked for Defendants as a bartender and server. Plaintiff worked for Defendants from approximately September 2016 until she was furloughed in approximately October 2020. Defendants, on a regular basis, improperly retained and withheld tips earned by Plaintiff, which were the property of Plaintiff, in violation of the tip-credit provisions of the FLSA and IMWL and in violation of the IWPCA.

9. Plaintiff, **JACQUELINE GAVIN,** is a former employee of Defendants who worked for Defendants as a bartender and server. Plaintiff worked for Defendants from approximately September 2015 until September 2019. Defendants, on a regular basis, improperly retained and withheld tips earned by Plaintiff, which were the property of Plaintiff, in violation of the tip-credit provisions of the FLSA and IMWL and in violation of the IWPCA.

10. Plaintiff, **KELLY STANTON,** is a current employee of Defendants who works for Defendants as a bartender and server. Plaintiff has worked for Defendants since approximately 2013 or 2014. Defendants, on a regular basis, improperly retained and withheld tips earned by Plaintiff, which were the property of Plaintiff, in violation of the tip-credit provisions of the FLSA and IMWL and in violation of the IWPCA. Further, Defendants continue as of the filing of this Complaint to improperly take and withhold tips in violation of the FLSA, IMWL and IWPCA.

**IV.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

11. Defendants compensated Plaintiffs, and members of the Plaintiff Class on an hourly basis. Defendants availed themselves to the tip-credit provisions of the FLSA and IMWL and paid to Plaintiffs a lower hourly minimum wage which was supplemented by

4

customer tips to cover the difference between the tipped and non-tipped minimum wage. However, Defendants, on a regular basis, required Plaintiffs to pay back their earned tips to MRH to cover its own business expenses and costs, including its policy to offer free drinks to certain customers (referred to herein as MRH's "Comp Program"), primarily MRH's "regulars". However, the tips taken by MRH to reimburse itself for free drinks tendered under its Comp Program and otherwise cover business expenses were in fact earned by and property of Plaintiffs, and the Plaintiff Class, such that MRH's practice of taking and retaining employee tips violated the tip-credit provisions of the state and federal laws relied upon herein.

12. Additionally, MRH would require Plaintiffs, and members of the Plaintiff Class, to use their own tips to account for circumstances in which the amount of cash in the register did not match the cash sales for that shift, known as a "drawer shortage". The tips taken by MRH to account for these "drawer shortages" were in fact earned by and property of the Named Plaintiffs, and the Plaintiff Class, such that MRH's practice of taking and retaining employee tips violated the tip-credit provisions of the state and federal laws relied upon herein.

13. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid the tipped minimum wage and were improperly required by MRH to relinquish their earned tips back to MRH as described herein.

14. As employees performing duties for an enterprise engaged in commerce, the Named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

15. The Named Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

16. During each Plaintiff's respective employment, Defendants and the named Plaintiffs, and members of the Plaintiff Class, entered into agreements at the outset of said employments that Plaintiffs would be paid the tip-credit wage and retain all tips left for them by Defendants' customers to supplement the lower, tipped minimum wage. Defendants, as alleged herein, violated these agreements in which Plaintiffs were to retain all customer tips by requiring direct payback of earned tips by employees, including Plaintiffs and members of the Plaintiff Class.

17. Plaintiff Zawlocki worked for Defendants as a bartender and server from approximately October 2019 to June 2020.

18. Zawlocki performed bartender and server duties for MRH, which included making and serving soft and alcoholic drinks for customers, taking food orders from customers and submitting them to the kitchen, and running food orders to customers. Zawlocki also performed other common bartender/server duties as assigned.

19. During her employment with MRH, Zawlocki used and handled goods and materials, including perishable food products and alcoholic products, which moved in interstate commerce prior to being used or purchased in Illinois.

20. Zawlocki typically worked approximately three (3) shifts per week, although the number of shifts worked each week, and the start and end times of those shifts, would vary at times.

21. Plaintiff Brittany Stanton began working for Defendants as a bartender and server in approximately September 2016. Stanton was furloughed by Defendants in approximately October 2020 and remains furloughed.

22. Stanton performed bartender and server duties for MRH, which included making and serving soft and alcoholic drinks for customers, taking food orders from customers and submitting them to the kitchen, and running food orders to customers. Stanton also performed other common bartender/server duties as assigned.

23. During her employment with MRH, Stanton used and handled goods and materials, including perishable food products and alcoholic products, which moved in interstate commerce prior to being used or purchased in Illinois.

24. Stanton typically worked approximately three (3) shifts per week for a total of twenty-five (25) hours per week, although the number of shifts and hours worked each week, and the start and end times of those shifts, would vary at times.

25. Plaintiff Gavin worked for Defendants as a bartender and server from approximately September 2015 until September 2019.

26. Gavin performed bartender and server duties for MRH, which included making and serving soft and alcoholic drinks for customers, taking food orders from customers and submitting them to the kitchen, and running food orders to customers. Gavin also performed other common bartender/server duties as assigned.

27. During her employment with MRH, Gavin used and handled goods and materials, including perishable food products and alcoholic products, which moved in interstate commerce prior to being used or purchased in Illinois.

28. Gavin typically worked approximately three (3) shifts per week for a total of twenty-five (25) hours per week, although the number of shifts and hours worked each week, and the start and end times of those shifts, would vary at times.

29. Plaintiff Kelly Stanton has worked for Defendants as a bartender and server since approximately 2013 or 2014.

30. Stanton performs bartender and server duties for MRH, which include making and serving soft and alcoholic drinks for customers, taking food orders from customers and submitting them to the kitchen, and running food orders to customers. Stanton also performed other common bartender/server duties as assigned.

31. Over the course of Stanton's entire employment with MRH, she has and continues to use and handle goods and materials, including perishable food products and alcoholic products, which moved in interstate commerce prior to being used or purchased in Illinois.

32. Stanton typically works approximately four (4) shifts per week for a total of thirty-two (32) hours per week, although the number of shifts and hours worked each week, and the start and end times of those shifts, would vary at times.

33. Throughout the duration of their respective employments, the Named Plaintiffs were paid the tipped-employee minimum wage of approximately $5.00 per hour. The Named Plaintiffs also received some customer tips. Defendants claimed this tip-credit by paying the Named Plaintiffs a lower direct, hourly wage than as otherwise required by law, while using customer tips to make up the difference between the lower direct hourly wage and the minimum wage.

34. However, a significant portion of tips earned each shift worked by the Named Plaintiffs were illegally withheld and retained by Defendants through Defendants' requirements that Plaintiffs, from their earned tips, reimburse Defendants a portion of Defendants' business costs and expenses of operating the Comp Program and to account for drawer shortages.

35. Each bartender/server employed by MRH, including the Named Plaintiffs and members of the Plaintiff Class, were required by MRH to issue fifty ($50) dollars' worth of free drinks per shift to customers. Typically, the free drinks were given to frequent, regular patrons of MRH as to allow MRH to establish and maintain goodwill with customers in hopes that these customers would bring repeat business. The Comp program was implemented by MRH for MRH's sole benefit.

36. Each of the Named Plaintiffs, and members of the Plaintiff Class, kept an open tab on Defendants' point-of-sales ("POS") system to track free drinks provided as part of the Comp Program. Typically, the named Plaintiffs would label these tabs within the POS system as "House Tab", or similar.

37. At the end of each shift, MRH's manager on duty would apply a fifty (50%) percent discount to the "House Tab" within the POS system. The remaining balance represented the amount of cash tips MRH required bartenders/servers, including the Named Plaintiffs, to pay back to MRH. Once the discount was applied by the manager, the Named Plaintiffs would close out the "House Tab". At this point, the cash register would open in order to accept the remaining balance of the "House Tab". The Named Plaintiffs would then take cash tips directly out of their pocket or apron and place into the register to complete closing the "House Tab".

38. Typically, MRH required that bartenders/servers, including the Named Plaintiffs, reimburse MRH fifty (50%) percent of the fifty ($50) dollar "House Tab" – or twenty-five ($25) dollars. However, if any bartender/server handed out more than fifty ($50) in free drinks as part of the Comp Program, then MRH would only pay the first twenty-five ($25) dollars and require that bartenders/severs, including the Named Plaintiffs, reimburse the remaining balance, even if the remaining balance exceeded the typical twenty-five ($25) dollar charge-back to bartenders/servers.

39. In the event a bartender/sever, including the Named Plaintiffs, handed out less than fifty ($50) dollars in free drinks under MRH's Comp Program, then employees only had to pay back half of that lesser amount.

40. In a typical work week, MRH would illegally withhold and retain approximately seventy-five ($75) dollars from each of the Named Plaintiffs, as well as members of the Plaintiff Class, in conjunction with MRH's Comp Program. At times, MRH retained more than seventy-five ($75) dollars of tips per bartender/sever per week.

41. In addition to MRH's illegal practice of retaining tips from its bartenders/servers through the Comp Program, MRH would also withhold and retain tips from their employees through a requirement that employee cash tips be used to remedy draw shortages, which occur when there are discrepancies between POS sales and register cash.

42. To the extent the cash in the register at the end of a Named Plaintiff's shift did not match the POS system, the Named Plaintiffs, and members of the Plaintiff Class, were required to make up the difference with their earned cash tips. The Named Plaintiffs were required to relinquish earned cash tips to MRH in order to shore up drawer shortages

approximately a few times each month. The amount of cash tips withheld by MRH to eliminate draw shortages would vary.

43. The Named Plaintiffs, and members of the Plaintiff Class, on a regular basis were forced to relinquish their earned tips to MRH to reimburse MRH for their business costs and expenses.

44. On numerous occasions over the course of their respective employments, the Named Plaintiffs inquired with MRH's managers, as well as Castle, about their illegal tip retention practices. Each time MRH, including Castle, were presented with complaints about their illegal practices, MRH refused to eliminate the practices or repay the tips.

45. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total amount of tips earned and compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of withheld tips, as permitted by law.

46. The claims brought herein by the Named Plaintiffs are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## V. STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

47. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

48. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

49. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiffs to recover from Defendants improperly retained tips that were earned by and the property of the Named Plaintiffs on or before the date ten (10) years prior to the filling of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-49. Paragraphs 1 through 49 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 49 of this Count I.

50. Plaintiffs were and are each an "employee" of Defendants as defined by 29 U.S.C. §203(e)(1).

51. Plaintiffs were and are not exempt from the minimum wage provisions of 29 U.S.C. §206, 213.

52. Plaintiffs, and members of the Plaintiff Class, were and are "tipped employees" within the meaning of 29 U.S.C. §203(t).

53. Defendants were and are each an "employer" as defined by 29 U.S.C. §203(d).

54. Pursuant to 29 U.S.C. §206, Plaintiffs, as well as members of the Plaintiff Class, were entitled to be compensated according to the applicable minimum wage as set forth by the FLSA.

55. Defendants violated the tip-credit and minimum wage provisions of this section by regularly and consistently retaining employee tips.

56. Defendants also violated the tip-credit and minimum wage provisions of this section by failing to inform Plaintiffs and other members of the Plaintiff class of the tip-credit subsection, 29 U.S.C. 203(m), and any of its related requirements.

57. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid minimum wages for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-57. Paragraphs 1 through 57 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of Count II.

58. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

59. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled unpaid minimum wages in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-59. Paragraphs 1 through 59 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of Count III.

60. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

61. The Named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-61. Paragraphs 1 through 61 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 61 of this Count IV.

62. Plaintiffs were an are each an "employee" under the 820 ILCS §105/3(d).

63. Plaintiffs were and are not exempt from the minimum wage provisions of 820 ILCS §105/4.

64. Plaintiffs and members of the Plaintiff Class were "tipped employees" within the meaning of 820 ILCS §105/3(c).

65. Plaintiffs, and members of the Plaintiff Class, were entitled to be compensated according to the applicable minimum wages under the IMWL.

66. Defendants violated the tip-credit and minimum wage provisions of this section by retaining employee tips.

67. Defendants also violated the tip-credit and minimum wage provisions of this section by failing to inform Plaintiffs and members of the Plaintiff Class of the tip credit subsection and any of its related requirements.

.       68.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

        69.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through the end of 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments for damages incurred beyond January 1, 2020.

        70.     Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

        WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

        (a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

        (b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

        (c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

        (d)     directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

        (e)     for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-70. Paragraphs 1 through 70 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 70 of this Count VII.

71. Plaintiffs were and are each an "employee" under the IWPCA, 820 ILCS § 115/2.

72. Plaintiffs were and are not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

73. Plaintiffs were and are not exempt from IWPCA 820 ILCS 115/4.1, which prohibits employers from retaining gratuities, which are the property of employees. Further, Defendants, in violation of 820 ILCS 115/4.1, failed to pay gratuities owed to Plaintiffs, and members of the Plaintiff Class, within thirteen (13) days after the end of the pay period in which such gratuities were earned.

74. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

75. During the employments of the Named Plaintiffs, and members of the Plaintiff Class, Defendants illegally retained gratuities which were the property of the Named Plaintiffs and Plaintiff Class members in violation of 820 ILCS §115/4.1(a). In further violation of 820 ILCS §115/4.1(a), Defendants have withheld and continue to withhold gratuities earned by the Named Plaintiffs and Plaintiff Class members and have withheld those gratuities for more than thirteen (13) days after the end of the pay periods in which those gratuities were earned.

76. The IWPCA provides that employees not paid wages in accordance with the Act shall be entitled to recover the amount of any such underpayment and two (2%) percent

of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned gratuities found due;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 01/04/2021*

*s/John W. Billhorn*
_____
John William Billhorn
Samuel D. Engelson
Attorneys for Plaintiffs

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

*s/ Timothy M. Nolan*
_____
Timothy M. Nolan
Attorney for Plaintiffs

NOLAN LAW OFFICE
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
(312)-322-1100